# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYSON REYNANTE, <br><br> Plaintiff, <br><br> v. <br><br> SEASIDE INTEGRATIVE MEDICAL CENTER, INC., *et al.*, <br><br> Defendants. | Case No. 16-cv-02204-BAS-NLS <br><br> **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

On August 31, 2016, Plaintiff Allyson Reynante ("Plaintiff") filed a Complaint against Defendants Seaside Integrative Medical Center, Inc. ("Seaside"), Steven Williamson, and Linette Williamson, which alleged violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§4301–4335 and the California Military and Veteran's Code, §394. (ECF No. 1 Complaint.) Proceeding *pro se* in this action, Defendants Steven and Linette Williamson answered the Complaint. (ECF Nos. 6, 13.)[1]

---

[1] An answer by Seaside filed by the Williamsons was rejected due to a Local Rule requiring a corporate defendant to be represented by counsel. (ECF No. 16.) At the request of the Plaintiff, the Clerk of the Court entered default against Seaside. (ECF Nos. 18, 19.)

This matter was set for a bench trial, which took place on April 3, 2018. The Court heard and took evidence presented at trial. Based upon the stipulations of fact by the parties, the testimony and exhibits received into evidence at trial, and after full consideration of the arguments presented by the parties, the Court issues the following findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

I. **STIPULATIONS OF FACT AND LAW[2]**

1. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3), and jurisdiction as to the remaining Counts is conferred by 28 U.S.C. §1367(a).

2. Venue is proper because Seaside Integrative Medical Center, Inc. ("Seaside") maintains a place of business in this district, as provided in 38 U.S.C §4323(c)(2), 28 U.S.C. §1391(b).

3. Plaintiff, Allyson Reynante, is a citizen of the United States and a resident of the State of Virginia.

4. Plaintiff was a Specialist (paygrade E-4) in the Washington Army National Guard.

5. At all relevant times, Plaintiff was a qualified employee and member of the uniformed services for purposes of 38 U.S.C. §§4303(3), (9), and (16).

6. Seaside is a corporation organized under the laws of the State of California. Seaside's principal place of business is Encinitas, California. At all relevant times, Seaside was and is an employer for purposes of 38 U.S.C. §4303(4)(A) and §4323(i).

7. Defendant Steven Williamson is an individual who at all times relevant

---

[2] Although the parties denoted their stipulations as "stipulations of fact," several stipulations are stipulations of law, including stipulations regarding jurisdiction, venue, that Plaintiff qualified as an "employee" under USERRA and Defendants were an "employer" under USERRA. Accordingly, the Court refers to this section as "stipulations of fact and law."

herein was a resident of the County of San Diego, State of California. At all relevant times, Steven Williamson was and is an owner, officer, or director of Defendant Seaside. At all relevant times, Steven Williamson was and is an employer for purposes of 38 U.S.C. §4303(4)(A) and §4323(i).

8. Defendant Linette Williamson is an individual who at all times relevant herein was a resident of the County of San Diego, State of California. At all relevant times, Linette Williamson was and is an owner, officer, or director of Defendant Seaside. At all relevant times, Linette Williamson was and is an employer for purposes of 38 U.S.C. §4303(4)(A) and §4323(i).

9. Plaintiff first came into contact with Defendants Steven and Linette Williamson when she applied in July 2015 for a position as a medical assistant with Coast Medical Center, Inc. ("Coast").

10. Coast was a California corporation that was owned by Defendants Steven and Linette Williamson, was incorporated in November 2000 and was dissolved in or about August 2015.

11. Plaintiff notified Defendants Steven and Linette Williamson of her ongoing military service obligations prior to being hired in July 2015.

12. Shortly after beginning work with Coast, Plaintiff signed an IRS form W-4.

13. On August 7, 2015, Steven Williamson held a meeting at Coast with the staff, to include Plaintiff, and explained that due to an ongoing lawsuit from a former employee, that Coast would likely declare bankruptcy and might close the business.

14. On August 10, 2015, Brenda Kough, Coast's office manager, informed Plaintiff that she would no longer be employed by Coast due to the ongoing litigation. Ms. Kough, Steven and Linette Williamson asked Plaintiff if she would return to work with them after the situation had resolved. Plaintiff replied affirmatively that she would return to work.

15. On August 13, 2015, Defendant Steven Williamson left a voicemail for

Plaintiff asking if she could fill in at Coast for one day for another employee who was out sick.

16. On August 14, 2015, Plaintiff worked one day for Coast and was paid for that day's work.

17. On August 29, 2015, Defendant Linette Williamson left Plaintiff a voicemail asking if she could work for a few hours to help Defendants move to a new office location.

18. On August 30, 2015, Plaintiff worked for Defendants Steven and Linette Williamson as requested and was paid for that day's work.

19. On September 4–5, 2015, Defendant Steven Williamson left a voicemail and texted Plaintiff asking if she would come back to work for Defendants.

20. On September 5, 2015, Plaintiff spoke with Defendant Steven Williamson on the phone and accepted Steven Williamson's offer to return to work full time, beginning on September 14, 2015.[3]

21. At some point in September 2015, Defendant Steven Williamson informed Plaintiff that Coast was shut down due to the ongoing lawsuit, had moved to a new location and changed its name to Seaside.

22. After Plaintiff returned to work with Seaside, she gave advance verbal notice of an upcoming military service obligation to Defendants that would begin on or about October 5, 2015. Plaintiff also gave advance verbal notice of her intent to return to Washington on or about September 25, 2015 to get the gear and equipment necessary to attend the October military service obligation.

23. On September 23, 2015, Defendant Linette Williamson asked Plaintiff to work overtime. Plaintiff stayed in the office until after 11:00 p.m. and worked

---

[3] Although the parties stipulated that Plaintiff accepted an offer to work full-time at Seaside, the parties also agreed that a remaining issue for trial was whether Plaintiff was ever offered a full-time position at Seaside. (*Compare* Final Pretrial Conference Order, ECF No. 42 III ¶20 *with id.* IV ¶2.)

1 more than 14 hours.

24. On September 25, 2015, Plaintiff asked Ms. Kough if she could pay Plaintiff before she went to Washington in preparation for her upcoming military service obligations. Ms. Kough responded that Defendant Steven Williamson would pay Plaintiff. Steven Williamson paid Plaintiff for the work performed to date.

25. On October 3, 2015, Plaintiff received written orders from her military command and verbally notified Ms. Kough and Robin Flaugher, another Seaside employee, of her upcoming military service.

26. Plaintiff's military service obligation was from October 4, 2015–February 19, 2016, with a break for the holidays from November 16, 2015–January 2, 2016.

27. Prior to departing for her military service obligation, Plaintiff informed Defendants through Ms. Kough and Ms. Flaugher of her intent to be re-employed during the break from November–January. Ms. Kough and Ms. Flaugher expressed their gratitude to Plaintiff because Seaside was short on personnel and Ms. Kough was working from home.

28. On November 16, 2015, Plaintiff sent a text message to Defendants Steven and Linette Williamson that she would be home on November 17 and asking about her work shift on November 18.

29. Defendant Steven Williamson replied to Plaintiff's text message and informed Plaintiff that Seaside had hired "two young ones right out of MA school" and that Plaintiff's position was no longer available.

30. Plaintiff responded to Steven Williamson's text message informing Steven Williamson of Seaside's obligations under USERRA and her right to be reemployed to her previous position. To date, Defendants have not responded to Plaintiff's text.

31. On February 19, 2016, Plaintiff completed her military service obligation.

32. On February 22, 2016, Plaintiff sent a text message to Defendants informing them that she had not received a W-2 from Seaside, although she had received a W-2 from Coast.

33. On February 22, 2016, Plaintiff exchanged text messages with Ms. Flaugher who informed Plaintiff that she had received W-2s from Seaside and Coast.

34. On February 23, 2016, Plaintiff received a phone call from Ms. Kough informing Plaintiff that she had not received a W-2 because she had not filled out a W-9. Ms. Kough then emailed Plaintiff a W-9, to which Plaintiff responded that she previously had completed a W-4 and was informed by Defendant Steven Williamson that she was a full-time employee of Seaside.

35. Plaintiff has had no contact with Defendants or Ms. Kough since the February 26, 2016 email exchange with Ms. Kough.

## II. COURT'S FINDINGS OF FACT[4]

1. Plaintiff only worked at Coast for three weeks before she was laid off. The Williamsons did not lay off Plaintiff from her job at Coast because of her military service but because Coast was declaring bankruptcy, and they could not afford to continue to employ Plaintiff. Plaintiff was not the only employee laid off at Coast because of these financial limitations. Other, non-military individuals were similarly laid off.

2. After Coast closed, the Williamsons reconfigured the business under the name Seaside Integrative Medical Center ("Seaside"). When the Williamsons offered Plaintiff employment at Seaside, because of financial concerns, they only offered her temporary employment for a brief, nonrecurrent period.

3. Plaintiff only worked eight days at Seaside from September 14–25, 2015 before she left for four months of military training. Plaintiff had no reasonable expectation that her employment at Seaside would continue indefinitely or even after

---

[4] The Court's finding of facts are based on the testimony and exhibits received at trial from Plaintiff and Defendants Steven and Linette Williamson.

her last day at Seaside on September 25, 2015.

4. The Williamsons did not refuse to reemploy Plaintiff after her military service because of her military service but because they could not afford to continue to employ her. In fact, another medical assistant at Seaside, Robin Flaugher, who had more longevity with the Williamsons than Plaintiff did, was laid off while Plaintiff was completing her military service. The two new employees who were "right out of MA school" were hired at lower salaries than either Plaintiff or Ms. Flaugher received in an attempt to keep Seaside financially solvent. Incidentally, that attempt was ultimately unsuccessful.

### III. CONCLUSIONS OF LAW

1. USERRA prohibits discrimination against any individual based on her membership in the uniformed services. 38 U.S.C. §4301; *see also Townsend v. Univ. of Alaska*, 543 F.3d 478, 482 (9th Cir. 2008). Plaintiff contends that "Defendants, and each of them, knowingly and willfully violated USERRA by, among other ways, discriminating against Plaintiff, and by denying her employment benefits and reemployment 'on the basis of' her 'obligation to perform service in a uniformed service.'" (Compl. ¶54.)

2. Under USERRA's anti-discrimination provision, a person who has an obligation to perform service in the uniformed services shall not be denied reemployment, retention or any benefit of employment on the basis of that military obligation. 38 U.S.C. §4311(a). An employer is deemed to have violated Section 4311 if a person's membership, service, or obligation for service in the military is a "motivating factor" for the employer's action "unless the employer can prove that the action would have been taken in the absence" of such military service. 38 U.S.C. §4311(c)(1). Plaintiff contends that her "protected status as a WARNG member was a substantial and motivating factor in Defendants' denial of Plaintiff's benefits of employment without good cause, including but not limited to, failing to reemploy Plaintiff after a period of military service." (Compl. ¶45.)

3. "Any person whose absence from a position of employment is necessitated by reason of service in the uniformed service shall be entitled to reemployment rights and benefits . . . if—" the person gives the employer notice of such service, the cumulative service in the uniformed services does not exceed five years, and the employee submits a timely application for reemployment. 38 U.S.C. §4312(a). Plaintiff contends that she provided such notice to Defendants. (Compl. ¶29.)

4. "An employer is not required to reemploy a person . . . if—(A) the employer's circumstances have so changed as to make such reemployment impossible or unreasonable; (B) . . . such employment would impose an undue hardship on the employer; or (C) the employment from which the person leaves to serve in the uniformed services is for a brief, nonrecurrent period and there is no reasonable expectation that such employment will continue indefinitely or for a significant period of time." 38 U.S.C. §4312(d)(1). The employer has the burden of proving impossibility or unreasonableness, undue hardship, or the brief, nonrecurrent nature of the employment. 38 U.S.C. §4312(d)(2).

5. Defendants' actions did not violate USERRA. Plaintiff was not denied reemployment, retention or any benefit of employment on the basis of her obligation to perform service in a uniformed service. Plaintiff's service in the military was not a factor in Defendants' decision to lay Plaintiff off from Coast or not to reemploy her at Seaside. Defendants have proved that the actions they took would have been taken in the absence of Plaintiff's military service. *See* 38 U.S.C. §§4311(a), (c).

6. Defendants have met their burden of proving that their circumstances had changed such that reemployment of Plaintiff at either Coast or Seaside would have been impossible and unreasonable and would have imposed an undue hardship on the Williamsons. *See* 38 U.S.C. §§4312(d)(2)(A), (B).

7. Defendants have met their burden of proving that Plaintiff's employment at Seaside was for a brief, nonrecurrent period, and she had no

reasonable expectation that such employment would continue indefinitely or for a significant period of time. *See* 38 U.S.C. §§4312(d)(2)(C).

8. Under California law, an employer may not discharge a person because of any ordered military duty and may not discriminate against a member of the military because of that membership. CAL. MIL. & VET. CODE §394. Plaintiff contends that "Defendant's motive for failing to reemploy Plaintiff was her participation in National Guard duty, in violation of §394." (Compl. ¶61.) Plaintiff's claim under Section 394 is based on the same facts as those supporting her USERRA claim. (*Id.* ¶58.)

9. Claims brought under Section 394 are analyzed under the framework applicable to claims brought under USERRA. *See Flores v. Von Kleist*, 739 F. Supp. 2d 1236, 1257–58 (E.D. Cal. 2010); *Bursese v. Paypal, Inc.*, No. C-06-00636 RMW, 2007 WL 485984, at *6 (N.D. Cal. Feb. 12, 2007) (citing *Tarin v. Los Angeles*, 123 F.3d 1259, 1266 (9th Cir. 1997)).

10. Defendants did not violate Section 394 of the California Military and Veteran's Code because Plaintiff was not discharged or discriminated against because of her military service or membership in the military.

11. In view of the Court's conclusions regarding Defendants Steven and Linette Williamson, both of who were the owners, officers, or directors of Seaside, there is good cause to set aside the prior entry of default against Seaside. FED. R. CIV. P. 55(c); *Lemiuex v. Lender Processing Center*, No. 16-cv-01850-BAS-DHB, 2018 WL 637945, at *4 (S.D. Cal. Jan. 31, 2018) (identifying "good cause" factors for setting aside entry of default).

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** that:

1. The Court **VACATES** the entry of default against Seaside. (ECF No. 19.)

2. Judgment **SHALL BE ENTERED** against Plaintiff and in favor of

1 | Defendants Seaside, Steven Williamson, and Linette Williamson.

2 |     3.    The Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.

3 | (ECF No. 1.) The Clerk of the Court is directed to close the case.

4 |     **IT IS SO ORDERED.**

5 | **DATED: April 5, 2018**

*Hon. Cynthia Bashant*
*United States District Judge*